IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIM DESMOND, | CIVIL DIVISION |
| Plaintiff, | No: 2:09-CV-00034 |
| vs. | THE HONORABLE GARY L. LANCASTER |
| PHILLIPS & COHEN ASSOCIATES, LTD. | **JURY TRIAL DEMANDED** |
| Defendant. | *ELECTRONICALLY FILED* |

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes Defendant, Phillips & Cohen Associates, Ltd., by and through its counsel, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN and DANIELLE M. VUGRINOVICH, ESQUIRE, and pursuant to the Federal Rules of Civil Procedure, files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

1. The averments contained within Paragraph 1 of Plaintiff's Complaint are conclusions of law to which no response is required. However, to the extent a response is deemed necessary, said averments are admitted to the extent that Plaintiff seeks relief pursuant to the FDCPA; however, any liability thereunder is denied.

2. The averments contained within Paragraph 2 of Plaintiff's Complaint are conclusions of law to which no response is required. However, to the extent a response is deemed necessary, it is admitted that jurisdiction exists for the pled claims; however, it is denied that Defendant is liable for any such claims.

3. The averments contained within Paragraph 3 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted based upon information and belief that Plaintiff is a natural person; however, Defendant is without information to form a belief as to the truth or falsity of the remaining averments to provide a response; therefore, the same are denied.

4. The averments contained within Paragraph 4 of Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff advised that his wife, Jill Desmond, was deceased. It is also admitted that Jill Desmond had a credit card issued by Chase. The remainder of the averments are conclusions of law to which no response is required. However, to the extent a response is deemed necessary, said averments are denied.

5. The averments contained within Paragraph 5 are conclusions of law to which no response is required. However, to the extent a response is deemed necessary, said averments are denied.

6. The averments contained within Paragraph 6 of Plaintiff's Complaint are admitted in part and denied in part. Defendant admits that, at times, its conduct renders it "a debt collector" as the term is defined under the FDCPA. Unless otherwise admitted, Defendant denies the averments in this Paragraph.

7. The complaint does not contain a Paragraph 7.

8. The averments contained within Paragraph 8 of Plaintiff's Complaint are admitted.

9. The averments contained within Paragraph 9 of Plaintiff's Complaint are denied. To the contrary, Defendant never received any cease and desist contact letter from Plaintiff.

10. The averments contained within Paragraph 10 of Plaintiff's Complaint are admitted.

11. The averments contained within Paragraph 11 are admitted in part and denied in part. It is admitted that Defendant sent a letter substantially similar to that attached as Exhibit D to the Complaint; however, the text underneath the line on the letter purportedly authored by Jim Desmond was not forwarded by Defendant.

12. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained therein. Therefore, it is denied that Plaintiff received such notice.

13. After reasonable investigation, Defendant is without information sufficient to form a belief as to the truth or falsity of the averments contained therein. Therefore, it is denied that Plaintiff received such notice.

14. The averments contained within Paragraph 14 are admitted.

15. The averments contained within Paragraph 15 are admitted.

### ANSWER TO FIRST COUNT

16. The averments contained within Paragraph 16 are conclusions of law to which no response is required. However, to the extent a response is deemed necessary, said averments are denied.

17. The averments contained within Paragraph 16 are conclusions of law to which no response is required. However, to the extent a response is deemed necessary, said averments are denied.

WHEREFORE, Defendant Phillips & Cohen Associates, Ltd. is entitled to judgment against the Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Phillips & Cohen Associates, Ltd. upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. §1692k(c), to the extent that a violation is established, any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

If Phillips & Cohen Associates, Ltd. violated the FDCPA which is denied, Plaintiff has incurred no actual damages as a result of the purported violation by Phillips & Cohen Associates, Ltd.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."  Plaintiff owes an undisputed, valid and delinquent debt and should not be permitted to pursue this action in an attempt to circumvent her obligation to pay this debt.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against are barred by his failure to mitigate his damages by paying his valid and delinquent debt.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages which Plaintiff may have incurred, which are denied, were the direct and proximate result of the conduct of Plaintiff. Plaintiff is estopped and barred from recovery of any damages resulting from Plaintiff's own conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

In the event Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's collective entitlement to statutory damages is capped at $1,000 per action not per violation. See Goodmann v. People's Bank, et al, 2006 U.S. App LEXIS 31555 (3rd Cir. Dec. 21, 2006); Brown v. Law Offices of Butterfield, 2004 U.S. Dist. LEXIS 9822, *16 n8, Civil Action No. 03-CV-05850 (ED Pa., May 24, 2004); Clark v. Capital Credit, 460 F.3d 1162 (9th Cir. 2006); Miller v. Midland Funding, 2008 WL 4093004 (C.D. Cal. 2008), Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005) Mann v. Acclaim Fin. Servs., 348 F. Supp. 2d 923, 926 (SD. Ohio 2004); and see Ganske v. Checkrite, Ltd., 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997): Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 650-51 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561, 1563 (11th Cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188, 191 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925, 928 (D.Del. 1991); Harvey v. United Adjusters, 509 F. Supp. 1218, 1222 (D.Or. 1981).

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit

5

score, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the conduct of Phillips & Cohen Associates, Ltd.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are barred by applicable statute of limitations, Phillips & Cohen Associates, Ltd. does not waive applicable statute of limitations upon any of the claims set forth in the Complaint and claims which could have been set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Defendant pleads the defense of bonafide error.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant never received a cease and desist letter from Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant has procedures in place to ensure compliance with the FDCPA upon receipt of a cease and desist letter.

WHEREFORE, Defendant Phillips & Cohen Associates, Ltd. is entitled to judgment against the Plaintiff.

**JURY TRIAL DEMANDED**

Dated: <u>February 26, 2009</u>

                                                Respectfully submitted,

                                                MARSHALL, DENNEHEY, WARNER,
                                                COLEMAN & GOGGIN

                                          BY: *s/ Danielle M. Vugrinovich*
                                                    DANIELLE M. VUGRINOVICH,
                                                    ESQUIRE
                                                    PA ID #88326
                                                    **Counsel for Defendant,**
                                                    **Phillips & Cohen Associates, Ltd.**
                                                    US Steel Tower, Suite 2900
                                                    600 Grant Street
                                                    Pittsburgh, PA  15219
                                                    412-803-1185
                                                    412-803-1188
                                                    dmvugrinovich@mdwcg.com

12/764367.v1