IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIM DESMOND, | CIVIL DIVISION |
| Plaintiff, | No: 2:09-CV-00034 |
| vs. | THE HONORABLE GARY L. LANCASTER |
| PHILLIPS & COHEN ASSOCIATES, LTD., | **JURY TRIAL DEMANDED** |
| Defendant. | ELECTRONICALLY FILED |

## MOTION TO COMPEL PLAINTIFF TO PRODUCE MEDICAL RECORDS

AND NOW comes Defendant, Phillips & Cohen Associates, Ltd., by and through its attorneys, Danielle M Vugrinovich, Esquire, and Marshall, Dennehey, Warner, Coleman & Goggin, P.C., and files the within Motion to Compel Plaintiff to Produce Medical Records as follows:

1. The Plaintiff filed the above-referenced matter against Phillips & Cohen Associates, Ltd. alleging a violation of the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. §1692, et. seq.).

2. In Plaintiff's Complaint, he alleges that "as a result of Defendant's illegal collection activities, Plaintiff suffered actual damages in the form of anger, frustration, upset as well as unjustified and abusive invasions of personal privacy." *See Complaint ¶17*.

3. During his deposition, Plaintiff testified that he sustained emotional distress as a result of the calls and was still grieving the loss of his wife. *See deposition transcript of Plaintiff, pp. 14-16; 21-25; 29-30; and 41-43 attached hereto as Exhibit "A."*

4. Prior to the initiation of communication by Phillips & Cohen, Plaintiff obtained Xanax from his primary care physician following the death of his wife. *See Exhibit "A" pp. 37-41.*

5. Phillips & Cohen propounded its First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions on June 2, 2009.

6. Plaintiff provided responses thereto.

7. However, in the Answer to Interrogatory No. 11, Plaintiff denied he saw any physicians, doctors, psychiatrists, psychologists, social workers or other medical and mental health professionals pertaining to the physical, medical or mental conditions, illnesses, stresses, injuries, limitations or disabilities alleged in his Complaint. *See, Plaintiff's Answers to Plaintiff's First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions, attached hereto as Exhibit "B."*

8. Clearly, Plaintiff was experiencing emotional distress prior to Phillips & Cohen's contact with him and he admitted that he treated with his primary care physician for anxiety following the death of his wife which occurred in November of 2007.

9. He also denied that he is in possession, custody or control of any document pertaining to his medical records created by any health care provider regarding the physical, medical or mental conditions, illnesses, stresses, injuries, limitations or disabilities alleged in his Complaint. *See, Response to Request for Production of Documents No. 13.*

10. Additionally, Plaintiff denied possession, custody or control of any document responsive to the request for all documents to support his actual damages sustained as a result of Phillips & Cohen's conduct. *See, Response to Request for Production of Document No 16.*

11. On November 12, 2009, Phillips & Cohen requested that Plaintiff produce the records from Dr. Andrew Joseph. Initially, Plaintiff refused to do so.

12. On November 13, 2009, Plaintiff advised that he would produce Dr. Joseph's medical records if Phillips & Cohen did not contest his Motion for Leave to File an Amended Complaint.

13. Phillips & Cohen is not agreeable to Plaintiff's proposed resolution.

14. Because Plaintiff has alleged actual damages in the context of emotional distress, Phillips & Cohen is entitled to review any mental health records because his prior or contemporaneous mental state, including other issues influencing any anxiety or depression, are certainly relevant to the issues in this case. *See, McKinney v. Delaware County Memorial Hospital,* 2009 U.S. Dist. LEXIS 23625 (E.D. Pa. March 20, 2009). Plaintiff has put his general mental health at issue when he alleged that he sustained emotional distress as a result of the communications from Phillips & Cohen Associates, Ltd.

15. Additionally, Plaintiff is not entitled to the doctor/psychotherapist-patient privilege because he waived the common-law privilege by placing his mental condition at issue. *See, McKinney*, at 13.

16. Moreover, not only is Phillips & Cohen entitled to the medical health records for Plaintiff's primary care physician with whom he treated for anxiety, but he is also entitled to any other medical records in which Plaintiff's mental health was discussed at all.

3

WHEREFORE, Defendant, Phillips & Cohen, respectfully requests that this Honorable Court enter an Order compelling Plaintiff to produce full and complete copies of the medical records of Andrew Joseph, M.D. dated December 1998 through present and any other health care provider with whom Plaintiff discussed any instances of anxiety, depression, or his mental health within 20 days of the date of this Order. In the alternative, Plaintiff shall agree to execute Authorizations for release of the above-referenced medical records and Defendant will obtain such records and provide Plaintiff with a copy free of cost.

    Respectfully submitted,

    MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN

    BY: s/ Danielle M. Vugrinovich
        DANIELLE M. VUGRINOVICH,
        ESQUIRE
        PA ID #88326
        **Counsel for Defendant**
        **Phillips & Cohen Associates, Ltd.**
        US Steel Tower, Suite 2900
        600 Grant Street
        Pittsburgh, PA  15219
        412-803-1185
        412-803-1188
        dmvugrinovich@mdwcg.com

12/900600.v1