**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JIM DESMOND,

CIVIL DIVISION

Plaintiff,

No: 2:09-CV-00034

vs.

PHILLIPS & COHEN ASSOCIATES, LTD.

**PLAINTIFF'S RESPONSES TO**
**DEFENDANT'S DISCOVERY**
**REQUESTS**

Defendant.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS**

**I. INTERROGATORIES**

1.  Identify each and every person who provided any information in connection with answers to these Interrogatories and Requests for Production of Documents and Requests for Admission served contemporaneously with these Interrogatories.

    **Jim Desmond**

2.  Identify Jim Desmond by stating:
    (1) Your full name (including aliases, nicknames or other names) and correct spelling thereof;
    (2) Your current residence address and every residential address you have had for the past ten years (including dates);
    (3) Your telephone number(s) identifying each as residential, business or cell;
    (4) Your date of birth; and
    (5) The last four digits of your social security number.

    **(1)   James Desmond**
    **(2)   Current residence address: 1683 4ᵗʰ Street, Monongahela, PA 15063. Moved into Monongahela address in 2006. Prior to this address, Plaintiff resided at 2621 Chalet Lane, South Park 15129.**
    **(3)   (724) 310-3903 (Home); (412) 720-2429 (mobile)**
    **(4)   5-29-45**
    **(5)   2495**

3.  Describe each communication that you had with Phillips & Cohen Associates, Ltd., including the date, time, and substance of each communication.


EXHIBIT
B

Plaintiff received correspondence from Defendant dated February 21, 2008, May 13, 2008, June 16, 2008 and July 3, 2008. Plaintiff sent a cease and desist on February 27, 2008 and May 27, 2008. The substance of said communications are set forth in the exhibits attached to the complaint. Plaintiff received phone messages from Defendant. Plaintiff cannot recall the exact dates or times of the messages. The messages would usually say, "Get in contact with Phillips & Cohen in regards to the Estate of Jill Desmond." Sometimes they would leave a phone number and/or a reference number. There were times Defendant would call and not leave a message but Defendant's phone number would show up on Plaintiff's caller identification. Plaintiff had a telephone call with a female collector on March 7, 2008. In addition to what is set forth in Defendant's account notes, Plaintiff was told by the collector that the Defendant would not bother him anymore and the collector waited 3 months before contacting Plaintiff in order to give him time to grieve. The collector's notes make reference to "benefit". Plaintiff does not recall the collector asking him any questions about any "benefit."

4.   Identify every person who has knowledge regarding the claims contained in the Complaint and provide a brief description of the substance of his/her knowledge.

   **Harry Petock**
   **35 Leesburgh Court**
   **Imperial, PA 15126**
   **(724) 695-3587**

   **Defendant's communications.**

5.   Identify each and every witness to any communication that you had with Phillips & Cohen Associates, Ltd., giving the date and time of each communication.

   **N/A**

6.   Please state the names of the Phillips & Cohen Associates, Ltd. representatives with whom you allegedly spoke with pertaining to the debt made the basis of this lawsuit and the dates of any such conversations.

   **Unable to recall name. Spoke with a female collector on March 7, 2008.**

7.   Identify by name, address and telephone number your current and past employers for the last 5 years including dates of employment, position or job title, salary and reason for separation.

   **Objection. This request is not calculated to lead to the discovery of admissible evidence.**

8.  Identify all other lawsuits and court proceedings in which you are or were a party, including for each suit the case number, the name of the Court, the style of the case, and the subject matter of the case.

**Objection. This request is not calculated to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff was sued by his landlord years ago.**

9.  Identify any other collection accounts not described in the Complaint for which you have been contacted by a collection agency or creditor for the past 5 years.

**Objection. This request is overly broad and not calculated to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff received a letter from West Asset Management dated February 18, 2009 for his wife's Chase account ending in 3251. Plaintiff responded by sending West Asset a copy of the death certificate, which was received on March 3, 2008. Plaintiff received no further communication from West Asset.   Plaintiff received letters from a collector in the fall of 2008 regarding a medical bill that he disputed.**

10.  Describe the factual basis and amounts of all damages you sustained as a result of Phillips & Cohen Associates, Ltd.'s conduct.

**The illegal communications made Plaintiff angry, frustrated and left him with a feeling of despair. The communications reminded Plaintiff of his loss and disturbed his rare moments of tranquility.   The communications increased Plaintiff's stress and suffering. Defendant's conduct made Plaintiff cry. Plaintiff had a sense of relief when the female collector told him during the phone call on March 7, 2008 that the Defendant wouldn't bother him anymore. This sense of relief was taken away with Defendant's subsequent communications.**

11.  Identify by name and address all physicians, doctors, psychiatrists, psychologists, social workers, or other medical or mental health care providers, you have seen pertaining to the physical, medical, or mental conditions, illnesses, stresses, injuries, limitations, or disabilities alleged in your Complaint.

**N/A.**

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Produce all documents pertaining to the account(s) made the basis of this lawsuit, including any and all monthly statements, documents evidencing the names on the account, and documents evidencing payments made towards the account.

**Objection.  This request is not calculated to lead to the discovery of admissible evidence.  Without waiving said objection, see Exhibit 1 attached to these responses.**

2.     Produce all documents that support the factual basis and amounts of all damages you claim you have suffered, including but not limited to statutory damages, actual damages, and mental or emotional damages.

**Plaintiff is not in possession, custody or control of any document responsive to this request other than the exhibits attached to the complaint.**

3.     Produce any and all documents that Phillips & Cohen Associates, Ltd. sent to you.

**See exhibits attached to the complaint.**

4.     Produce any and all documents you sent to Phillips & Cohen Associates, Ltd.

**See exhibits attached to the complaint.**

5.     Produce all documents that support your factual allegations in the Complaint.

**See exhibits attached to the complaint.**

6.     Produce any and all documents that support your allegations in ¶17 of your Complaint that, "As a result of defendant's illegal collection activities, plaintiff suffered actual damages in the form of anger, frustration, upset, as well as unjustified and abusive invasions of privacy."

**Plaintiff is not in possession, custody or control of any document responsive to this request.**

7.     Produce all tapes or other audio recordings of any telephone messages and/or conversations between you or a third-party other than your attorney and Phillips & Cohen Associates, Ltd., which communications in any way relate to the debt at issue in this lawsuit.

**Plaintiff is not in possession, custody or control of any document responsive to this request**

8.     Produce all calendars, diaries, logs, notes, journals, or any other written or recorded summary of events maintained by you in any way relating to this lawsuit.

**Plaintiff is not in possession, custody or control of any document responsive to this request.**

9.    Produce all written or recorded statements of any type in your possession or given by you to counsel, from any witness, or any individual, that in any way relates to your allegations in the Complaint.

**Plaintiff is not in possession, custody or control of any document responsive to this request.**

10.    Produce all statements taken by you or on your behalf from any person relating to the allegations in the Complaint.

**Plaintiff is not in possession, custody or control of any document responsive to this request.**

11.    Produce all documents which you expect to introduce as evidence at trial or which you intend to use at trial in any manner.

**Please see exhibits attached to the complaint.**

12.    Produce any and all tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify for you at any trial or deposition in this lawsuit.

**Plaintiff is not in possession, custody or control of any document responsive to this request.**

13.    Produce copies of your medical records created by any and all physicians, doctors, psychiatrists, psychologists, social workers, or other medical or mental health care providers, you have seen pertaining to the physical, medical, or mental conditions, illnesses, stresses, injuries, limitations, or disabilities alleged in your Complaint. Authorizations are attached in the event Plaintiff wishes for Defendant to obtain these records and provide copies to Plaintiff.
**N/A.**

14.    Produce any documents, taped recordings of conversations or recordings of messages that reflect communications or attempted communications between you and Phillips & Cohen Associates, Ltd.

**Please see exhibits attached to the complaint.**

15.    Produce any notice, whether oral or written, that you provided to Phillips & Cohen Associates, Ltd. in which you disputed the debt at issue in this case.

**Plaintiff did not dispute the debt at issue. Plaintiff advised Defendant there wasn't an estate and sent two cease and desist letters, as well as telling Defendant over the phone to stop contacting him.**

16.     Produce all documents that support your actual damages that you sustained as a result of Phillips & Cohen Associates, Ltd.'s conduct.

**Plaintiff is not in possession, custody or control of any document responsive to this request.**

### III. REQUESTS FOR ADMISSION

1.     You do not have any audio recordings of your conversations with Phillips & Cohen Associates, Ltd. pertaining to the debt made the basis of this suit.

**Admitted.**

2.     You have not suffered any actual damages as a result of any actions on the part of Phillips & Cohen Associates, Ltd.

**Denied.**

3.     You have no documentary proof of any actual damages incurred as a result of any actions on the part of Phillips & Cohen Associates, Ltd.

**Objection. This request is vague in that "documentary proof" isn't defined.**

4.     You have not been treated by any physicians as a result of any emotional damages you allege you sustained as a result of the actions of Phillips & Cohen Associates, Ltd.

**Admitted.**

Respectfully Submitted,

JEFFREY L. SUHER, P.C.

/s/ Jeffrey L. Suher
Jeffrey L. Suher
Pa. I.D. # 74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
412-374-9005
412-374-0799 (fax)
lawfirm@jeffcanhelp.com

# EXHIBIT 1

**Cardmember Information**    **CHASE**

| ACCOUNT ENDING IN 2858 | PROMOTIONAL APR AS LOW AS 0.00% | CREDIT LINE $16,500 | CHECKS MUST POST BY January 31, 2007 |
| --- | --- | --- | --- |

*12/20/06*
*10,000.00*
*Pay off Capital One*

Jill C. Desmond
1683 4th St.
Monongahela, PA 15063-1241

## Act Now to Take Advantage of these Promotional 0.00% and 3.99% Fixed APRs!

Check Number: 6358    ~~0.00% APR~~ 3.99
Paid To: *Pay off Cap One*
Amount: *10,000*
Date: *12/20/06*

## CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Responses to Defendant's Discovery

Requests was served on August 11, 2009, via electronic mail to the following counsel of

record:


Danielle M. Vugrinovich, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
600 Grant Street, Ste 2900
Pittsburgh, PA 15219
DMVugrinovich@MDWCG.com


/s/ Jeffrey L. Suher
Attorney for Plaintiff