IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIM DESMOND, | ) |
|        Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action No. 09-34 |
| | ) |
| PHILLIPS & COHEN ASSOCIATES, | ) |
| LTD., | ) |
|        Defendant. | ) |

**<u>FINAL SCHEDULING ORDER</u>**

AND NOW, this 18th day of November, 2009, IT IS HEREBY ORDERED that compliance with the provisions of Local Rule 16.1.2.B. shall be completed as follows:

A.    <u>Final Case Management Plan</u>

1) Any motion for summary judgment motion, and brief in support, shall be filed on or before <u>December 28, 2009.</u>

2) Any response to a motion for summary judgment and brief shall be due on or before <u>January 27, 2010</u>.

3) Any reply to a response to a motion for summary judgment shall be due on or before <u>February 11, 2010</u>.  THERE SHALL BE NO OTHER BRIEFING UNLESS ORDERED BY THE COURT.

4) Plaintiff's pretrial narrative statement shall comply with Local Rule 16.1.4.A. and shall be filed by <u>March 12, 2010.</u> Defendant's pretrial narrative statement shall comply with Local Rule 16.1.4.B. and shall be filed <u>April 12, 2010.</u>  Counsel shall specify the material facts to be proved at trial.  Proof of material facts not specified, may be excluded at trial upon objection or by the court <u>sua</u> <u>sponte</u>.  **<u>THE PENDENCY OF ANY</u>**

**OUTSTANDING MOTION FOR SUMMARY JUDGMENT DOES NOT EXCUSE THE FAILURE OF A PARTY TO FILE THEIR PRETRIAL STATEMENT**. ANY EXHIBIT WHICH HAS NOT BEEN IDENTIFIED BY COUNSEL IN THE PRETRIAL NARRATIVE STATEMENT, EXCEPT AN EXHIBIT TO BE USED SOLELY FOR IMPEACHMENT PURPOSES, SHALL NOT BE ADMITTED AS EVIDENCE, UNLESS THE PARTIES OTHERWISE AGREE OR THE COURT ORDERS OTHERWISE. The parties shall not amend or supplement their pretrial statements without leave of court.

5)   The parties shall file any motions in limine, proposed voir dire and points for charge by April 26, 2010.  The nonmoving party's response to any motion in limine shall be due no later than May 10, 2010.  NO MOTIONS IN LIMINE WILL BE ENTERTAINED BY THE COURT PRIOR TO APRIL 19, 2010.

6)   The court will conduct a pretrial conference on Friday, May 21, 2010 at 1:30 p.m.. IMPORTANT INFORMATION REGARDING ATTORNEYS' RESPONSIBILITIES AT THE PRETRIAL CONFERENCE APPEARS IN SECTION C OF THIS ORDER.

7)   The case shall presumptively be called for jury selection and trial on Monday, June 7, 2010 at 9:30 a.m.. THE ABSENCE OF ANY WITNESS SHALL NOT BE SUFFICIENT CAUSE TO DELAY THE TRIAL.

B.    <u>Motion Practice</u>

1)    <u>Motions Not Requiring Briefs</u>

No brief is required by either movant or respondent unless otherwise directed by the court with respect to the following motions:

(a) For extension of time for the performance of an act required or allowed to be done;

(b) To continue a pretrial conference, hearing, or the trial of an action;

(c) To amend pleadings;

(d) To file supplemental pleadings; and

(e) For a substitution of parties.

Any of the above motions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion.  All other motions and responses thereto, must be accompanied by a brief.  The Clerk shall not accept for filing any motion, application or objection requiring a brief not accompanied by such brief without permission of the court.

2)    <u>Summary Judgment Motions</u>

The motion for summary judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought and must be accompanied by:

**1.** A separately filed concise statement setting forth the facts essential for the court to decide the motion, which

the moving party contends are **undisputed and material**,
including any facts which for purposes of the motion only are
assumed to be true. The facts set forth in any party's Concise
Statement shall be stated in separately numbered paragraphs in
a form similar to a plaintiff's complaint.  At the conclusion
of each fact, a party must cite to a particular pleading,
deposition, answer to interrogatory, admission on file or
other part of the record supporting the party's statement,
acceptance, or denial of that fact;

      **2.** A supporting memorandum addressing applicable law
and explaining why there are no genuine issues of material
fact to be tried and why the moving party is entitled to
judgment as a matter of law; and

      **3.** An appendix including documents referenced in the
Concise Statement.  Such documents need not be filed in their
entirety. Instead, the filing party may extract and highlight
the relevant portions of each referenced document. Photocopies
of extracted pages, with appropriate identification and
highlighting, will be adequate.

      The response in opposition to a motion for summary
judgment shall consist of the following:

      **1.** A separately filed concise statement, which
responds to each numbered paragraph in the moving party's
Concise Statement of Material Facts by:

      (a) admitting or denying each fact contained in the

moving party's Concise Statement of Material Facts, and where
appropriate, indicating whether a fact is immaterial.

       (b) If disputed or not admitted in its entirety, the
respondent shall state a concise counter statement of the
matter.  At the conclusion of each counter statement,
respondent shall refer, with particularity, to those portions
of the record upon which respondent relies.  For example,

          "5)  Admitted.

          6)  Disputed.  On the contrary . . . (See
             plaintiff's deposition of November 1, 2007,
             at Page 7, lines 12-14)"; and

       (c) setting forth in separately numbered paragraphs
any other material facts that are allegedly at issue, and/or
that the opposing party asserts are necessary for the court to
determine the motion for summary judgment;

       **2.** A memorandum of law in opposition to the motion
addressing applicable law and explaining why there are genuine
issues of material fact to be tried and/or why the moving
party is not entitled to judgment as a matter of law; and


       **3.** An appendix including documents referenced in the
Responsive Concise Statement.  Such documents need not be
filed in their entirety. Instead, the filing party may extract
and highlight the relevant portions of each referenced
document. Photocopies of extracted pages, with appropriate
identification and highlighting, will be adequate.

Any reply to a response in opposition to the motion for summary judgment shall be made in the same manner as set forth in LR 56.1C, and the instructions immediately above.

Alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement, with specific citation to the record, of the opposing party.

3)  <u>Motions in Limine</u>

Prior to filing a motion <u>in</u> <u>limine</u>, counsel shall confer and consult so as to ensure that a genuine dispute exists with respect to the subject matter of the motion <u>in</u> <u>limine</u>. **A motion <u>in</u> <u>limine</u> must be accompanied by a certificate from the moving counsel of record certifying that he has conferred and consulted with adverse counsel with respect to each matter set forth in the motion and that the parties are unable to resolve their differences.** The certificate shall set forth the exact time and place of the conference and consultation. If the required certificate cannot be furnished, counsel for movant shall furnish an alternative certificate stating that opposing counsel has refused to so meet and confer, or to sign the required certificate, or stating such other facts and circumstances supporting the absence of the required certificate and movant's efforts to obtain compliance by opposing counsel.

C.    Pretrial Conference

At the pretrial conference, ATTORNEYS MUST BE PREPARED TO DO EACH OF THE FOLLOWING:

1)    INDICATE on the record whether the exhibits of any other party are agreed to or objected to, and offer the reason(s) for any such objection.

2)    If any legal issues remain undecided, PRESENT the proper motions, along with a brief.

3)    ESTIMATE the number of days required for trial.

4)    IDENTIFY the witnesses that are to testify at trial.

5)    IDENTIFY any depositions or any portion thereof to be read into evidence.  A party intending to use a discovery deposition in its case-in-chief shall:  (a) identify the deposition by the name of the deponent and date of his or her deposition; and (b) designate to the court and to the opposing party the pages and lines that will be offered at trial. Opposing counsel shall counter-designate those lines and pages of the same deposition that will be offered at trial. Objections to the admissibility of any portion thereof to be read into evidence shall be identified at the pretrial conference.  Objections to the admissibility of any portion shall be submitted to the court at the conference.  This order does not include video taped qualifications of experts.

6)    IDENTIFY known or anticipated evidentiary issues.

8

7) INQUIRE of their authority to settle and have their clients present or available by telephone. The judge shall inquire whether counsel have discussed settlement.

Such record shall be made of the conference as the court orders. Failure to fully disclose in the pretrial narrative statement, or at the pretrial conference, the substance of evidence proposed to be offered at trial will result in the exclusion of that evidence at trial, unless the parties otherwise agree or the court orders otherwise. The only exception shall be evidence used for impeachment purposes.

BY THE COURT:


s/Gary L. Lancaster_____, J.
Hon. Gary L. Lancaster,
Chief United States District Judge


cc:   All Counsel of Record