IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JIM DESMOND                                                                       Case No. 09-34-GLL

        Plaintiff,
vs.

PHILLIPS & COHEN ASSOCIATES, L.T.D.

        Defendant.

**BRIEF IN SUPPORT OF AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT**

### Introduction

Plaintiff moves for leave to amend his complaint to add: (a) averments relating to phone calls made by Defendant to Plaintiff, which are confirmed by Defendant's phone bills, (b) additional counts for negligence, negligence per se, negligent training and supervision and invasion of privacy by intrusion upon seclusion and, (c) a demand for punitive damages.

The original complaint was filed in this case on January 13, 2009. Plaintiff alleges he sent two letters to the Defendant asking the Defendant to stop communicating with him regarding a debt belonging to his deceased wife. These letters are commonly referred to in the debt collection industry as "cease and desist letters." Defendant violated the Fair Debt Collection Practices Act by continuing to communicate with Plaintiff after receiving these letters. The communications included letters and telephone calls.

15 U.S.C. § 1692c of the FDCPA provides:

(c) Ceasing Communication.

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except

>   (1) to advise the consumer that the debt collector's further efforts are being terminated;
>   (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>   (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(d) Definitions.
For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

Defendant's Corporate Representative Robert Obringer was deposed on October 27, 2009. Plaintiff recently received the transcript. Obringer testified how Defendant handles cease and desist letters. He testified this policy is in writing. Despite Plaintiff's discovery requests, this policy was not provided. Plaintiff was told Defendant will provide this policy. Considering this policy and Obringer's deposition testimony, Plaintiff is seeking leave to amend to add additional claims and a demand for punitive damages.

Plaintiff is also seeking leave to add the phone calls made by Defendant. Plaintiff requested Defendant's phone records in discovery. Defendant objected. Defendant subsequently agreed it would provide a redacted copy of its bill. The bill confirms the number of phone calls and when the phone calls were made. While Defendant's account notes also reflect phone calls made to the Defendant, the bills contain two calls that aren't recorded in Defendant's account notes. Plaintiff did not want to plead the phone calls until receipt of the phone bill.

### Legal Standard for Motion for Leave to Amend Complaint

Rule 15(a) of the Federal Rules of Civil Procedure is entitled "Amendments Before Trial." The rule provides in part, "A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."

Fed. R.Civ. P.15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P.15(a)(2).

It must be noted that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)(2)." James Wm. Moore, *Moore's Federal Practice* section 15.14[1] (3d ed. 2009).

Motions to amend under Rule 15 (a) may be filed to cure a defective pleading, to correct insufficiently stated claims, to amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, to increase the amount of damages sought, to elect different remedies, or to add, substitute or drop parties to the action. L. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1474 (1990).

In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court set forth a summary of the principles that govern motions under Rule 15:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), §§ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion and is not consistent with the spirit of the Federal Rules.

Id.

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

The Third Circuit stated that the "potential for undue prejudice [to the non-moving party] is 'the touchstone for the denial of leave to amend.'" Coventry v. United States Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988) (quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978) ); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984 (same).

A source of potential prejudice to the defendant is undue delay which, as interpreted by the Third Circuit, refers to delay in the proceedings, not to delay in amending the pleadings. See, e.g., Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 939 (3d Cir. 1984). The Third Circuit explained that unexcused delay unaccompanied by real detriment to the defendant or the judiciary does not constitute undue delay. See e.g., Cornell & Co., Inc. v. Occupational Safety & Health Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

The Third Circuit has made clear that "undue" delay occurs only if the opposing party would suffer prejudice if the amendment were allowed:

> Delay alone, however, is an insufficient ground upon which to deny a motion to amend. Cornell and Co., Inc., v. Occupational Safety and Health Review Commission, 573 F.2d 830 (3d Cir. 1978). Rather the touchstone is whether the non-moving party will be prejudiced if the amendment is allowed. Id. at 823.

Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 12312 (3d Cir. 1984).

In Adams v. Gould, Inc., 739 F.2d 858 (3d Cir. 1984), the Third Circuit set forth the legal standard for undue delay and potential prejudice:

> The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue" placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party.... The question of undue delay, as well as the question of bad faith, requires [the court to] focus on the plaintiff[['s] motives for not amending [the] complaint ...earlier; the issue of prejudice requires [the court to] focus on the effect on the defendant.

Adams at 868.    The Third Circuit also stated that "ordinarily delay alone is not a basis to deny a motion to amend. United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (citations omitted).

The Third Circuit requires a party trying to show prejudice in a Rule 15 context to demonstrate that its ability to present its case would be seriously impaired where amendment allowed. Dole v. Arco Chemical Co., 921 F.2d 484, 488 (3d Cir. 1990) (citing Bechtel v. Robinson, 866 F.2d 644, 652 (3d Cir. 1989).  The question of prejudice focuses on whether the amendments place an unfair burden on the opposing party. Adams, 739 F.2d at 868.  Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party. Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 (3d Cir. 1990). The mere fact that an amendment requires a party to meet additional claims does not constitute prejudice under the Rule.  See Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)., holding that the party opposing amendment must show that it was unfairly disadvantaged or deprived of the opportunity to present evidence.

"Futility" means that the proposed amended complaint would fail to state a claim upon which relief could be granted. Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000) (citation omitted). "In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)." Id. (citations omitted).

While leave to amend is left to the sound discretion of the trial court, <u>Gay v. Petsock</u>, 917 F.2d 768, 772 (3d Cir. 1990), it is an abuse of discretion if the district court refuses to grant leave to amend without providing a reason for its decision. <u>Foman v. Davis</u>, 317 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

## **Conclusion**

Undue prejudice to the Defendant will not result.  This case is less than one year old.  The proposed amendments will not add new issues to the case that would require Defendant to engage in additional discovery.  The phone bills were in Defendant's possession, custody and control at the time Defendant deposed Plaintiff.  Likewise, Defendant's policy regarding the handling of cease and desist letters was also in its possession, custody and control.  The proposed amended complaint is not futile.  Permitting the amendment will not delay the trial in this case, which is scheduled for June 7, 2010.  Permitting the amendment will allow this case to be decided on the merits.

Respectfully Submitted,

JEFFREY L. SUHER, P.C.

/s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. #74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
412-374-9005
412-374-0799 (fax)
lawfirm@jeffcanhelp.com

JURY TRIAL DEMANDED

Case 2:09-cv-00034-GLL    Document 31    Filed 11/22/2009    Page 7 of 7