# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIM DESMOND,<br>　　　　Plaintiff,<br><br>vs.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.<br><br>　　　　Defendant. | CIVIL DIVISION<br><br>No: 2:09-CV-00034<br><br>THE HONORABLE GARY L. LANCASTER<br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## MEMORANDUM OF LAW IN RESPONSE TO AMENDED MOTION TO AMEND COMPLAINT

AND NOW, comes Defendant, Phillips & Cohen Associates, Ltd., by and through its counsel, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN and DANIELLE M. VUGRINOVICH, ESQUIRE, and files the within Memorandum of Law in Response to Amended Motion to Amend Complaint as follows:

### I.　　FACTS AND PROCEDURAL HISTORY

In his Amended Motion and Brief to Amend his Complaint, Plaintiff seeks to add four new causes of action: invasion of privacy by intrusion upon seclusion, negligence, negligent training and supervision and negligence per se. However, Plaintiff's proposed amendments are futile.

While Rule 15(a) of the Federal Rules of Procedure states that leave of court to amend a pleading "shall be freely given when justice so requires," grounds to deny the request include the court's conclusion that the proposed amendment would be futile. *Rule 15(a).* A district court's rejection of a request to amend on the grounds that amendment would be futile is within the discretion of the court and will not be disturbed unless it is abused. *In re: Adams Golf Securities Litigation*, 381 F.3d 267, n13 (3d Cir. 2004). Where a plaintiff has failed to offer an amendment that meets the pleading requirements of a particular cause of action, and that failure is not, for

example, on the basis of lack of particularity that might be cured by further amendment, it is appropriate for the court to deny leave to amend. *In re: Alpharma Inc. Securities Litig.*, 372 F.3d 137, 153-154 (3d Cir. 2004). The court may refuse to allow an amendment where the proposed amendment would not state a cause of action and amendment would therefore be futile. *In re NAHC Inc. Securities Litig.*, 306 F.3d 1314, 1332 (3d Cit. 2002); *Delaware Trust Co. v. Amrit*, No. 96-4784; 96-5783, 1997 U.S. Dist. LEXIS 6890 *7 (E.D. Pa. May 15, 1997, Hutton, J.), citing *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). In this case, the four claims that Plaintiff seeks to add do not state a cause of action, and therefore, Plaintiff's Amended Motion must be denied.

## **INVASION OF PRIVACY**

In this Amended Motion, Plaintiff claims that he had "a reasonable expectation of his privacy in his solitude, seclusion, private affairs and concerns" and that "Defendant intruded into Plaintiff's solitude, seclusion, private affairs and concerns by repeatedly communicating with Plaintiff for a debt he didn't owe after being told to stop." *See, Complaint.*

In order to bring a claim for Invasion of Privacy Intrusion on Seclusion, Plaintiff has the burden of proving (1) there was an intentional intrusion; (2) upon the solitude or seclusion of the plaintiff, or her private affairs or concerns; and (3) that the intrusion was substantial; and (4) highly offensive. *Tucker v. Merck & Co.,* 102 Fed. Appx. 247, 256 (3d Cir. 2004). Plaintiff can not prove that the acts of Defendant, even if accurately alleged, caused a substantial or highly offensive intrusion into the private affairs of Plaintiff. There is also no liability unless the interference with the plaintiff's seclusion is substantial and would be highly offensive to the ordinary reasonable person. *Restatement (Second) of Torts § 652B, comment d.*

However, Plaintiff's allegations and the evidence in this case fail to rise to the requisite level to be actionable. The case of *Diaz v. D.L. Recovery Corp*, 486 F.Supp. 2d 474 (E.D. Pa.

2

2007) described conduct which would be more in line with a claim for invasion of privacy for intrusion upon seclusion. In *Diaz v. D.L. Recovery Corp.,* 486 F.Supp. 2d 474 (E.D. Pa. 2007), the plaintiff alleged that the defendant debt collector threatened to repossess all of her household belongings, including her car, advised that he had a summons and court order instructing him to confiscate all of her belongings, and told her that if she did not want her child to sleep on the floor that night that she had to tell him her checking account number. Furthermore, she alleged that the debt collector asked her if she was ashamed that the father of her child did not care about her or her child, that he had five other girlfriends and asked her if she was afraid of getting AIDS. *Diaz,* 46 F.Supp. 2d at 476. The Court held that this single phone call was sufficient to state a claim for invasion of privacy by intrusion upon seclusion. However, importantly, the Court stated "although the Second Restatement illustrates the tort by describing persistent intrusions upon the plaintiff's privacy, it is clear that the important point is not that the intrusions be persistent but that the intrusions should by one means or another - - whether by persistent repetition or by some other aspect of the intrusion - - rise to the level of what a reasonable person would find 'highly offensive.'" *Id.* at 480. The Court found that the outrageous nature of the intrusion described by the plaintiffs was sufficient to state a claim.

In this claim, Plaintiff's proposed Amended Complaint alleges the following acts by the Defendant:

- that eight phone calls were made to Plaintiff's home in a nine day period from February 21, 2008 to February 29, 2008;
- six phone calls were made to Plaintiff's home after Plaintiff's February 26, 2008 cease and desist letter between the dates of March 3, 2008 and May 19, 2008; and,
- sent dunning letters dated May 13, 2008, June 16, 2008 and July 3, 2008.

3

Plaintiff admitted that he only spoke with Ms. Lohr on one occasion and did not know how many times messages were left or the number of times that the Defendant's phone number showed upon on his caller ID. *See, Transcript of Plaintiff's Deposition, p. 16 attached hereto as Exhibit "A."* He also admitted that the collector with whom he spoke was polite and did not raise her voice. *See, Exhibit "A" pp. 23-27.* Unlike *Diaz,* the facts of this case cannot possibly be outrageous or highly offensive in order to state a cause of action. Fourteen calls with only one resulting in an actual conversation and the receipt of several dunning letters which were addressed to the "Estate of Jill Desmond" not to him is not highly offensive or outrageous. Plaintiff admitted that no estate existed, but he opened the letters anyway. He also admitted that just seeing her name on the letter made him upset. *See, Exhibit "A" pp.* 15; 27-30. Neither the allegations of the proposed Amended Complaint or the facts of record to date can possibly state a claim for invasion of privacy. Because the proposed amendment would be futile, Plaintiff's Motion to Amend his Complaint to add a claim for invasion of privacy must be denied.

## **NEGLIGENCE, NEGLIGENCE PER SE AND NEGLIGENT TRAINING AND SUPERVISION**

Plaintiff's proposed Amended Complaint attempts to state a claim for negligent debt collection, training and supervision; however, no such causes of action exist. Essentially, redundantly reasserting his FDCPA claims in the guise of common law negligence. Plaintiff's assertion of duplicate claims in negligence is an attempt to circumvent the limitations on damages under the FDCPA. Plaintiff now asserts "FDCPA-as-negligence" claims in the hopes of casting aside the compensatory recovery permitted under the FDCPA, which, based on discovery, would result in a nominal, if any, recovery. Plaintiff's motive is to have the opportunity to pursue punitive damages, which are unavailable under the FDCPA based on purported conduct prohibited by the FDCPA. The duty alleged is merely compliance with the FDCPA and a violation of such duty is properly subsumed in the FDCPA. Specifically, he

4

claims that the defendant had a duty to discontinue all debt collection activities once it was notified that the Plaintiff did not desire to be contacted and it breached its duty when it continued to collect on the Plaintiff's deceased wife's debt. *See* 15 U.S.C. §1692c(c). He also claims that the training and supervision of collectors by Defendant was somehow deficient, but again within the context of the FDCPA. Lacking any cogent argument to support a claim in negligence, Plaintiff simply and failingly asserts that negligence per is a viable claim merely because the Defendant allegedly violated the FDCPA.

Plaintiff has already alleged a claim for a violation of the Fair Debt Collection Practices Act, 15 U. S.C. §§1692, et. seq, which is a strict liability statute. FDCPA is the sole statutory vehicle to assert a violation by a debt collector and due to its strict liability nature, a negligent debt collector would be found to have violated the FDCPA irrespective of his/her intent. Negligence, as pleaded by Plaintiff is inextricably intertwined with the FDCPA, the purported duty arises singularly out of the FDCPA Plaintiff's relief is limited to that set forth in the statute. If Congress intended that damages other than up to $1,000 in statutory damages, actual damages, and attorney's reasonable fees and costs be compensable, it would have added a punitive component to the statute. Defendant has not been able to unearth any case law support a claim for negligence, negligent supervision or training or negligence per se in tandem with an FDCPA claim. However, in the recent matter in the United States District Court for the Southern District of California, *Castellanos v. JPMorgan Chase & Co.*, 2009 U.S. Dist. LEXIS 53067 (S.D. Cal. June 23, 2009), the plaintiff alleged that, in the course of collection efforts, he retained a law firm to represent him. The law firm sent a "cease and desist" letter advising the defendant that Castellanos was being represented by counsel as to the subject debt. The defendant continued to contact Castellanos notwithstanding receipt of the cease and desist letter. Castellanos appropriately asserted an FDCPA claim, a Fair Credit Billing Act ("FCBA") claim (15 U.S.C.

5

§1666, et seq.), a claim under California Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), California Civil Code §§ 1788, et seq., and a "tort in se" claim, which permits a tort claim premised on a breach of a nonconsensual duty owed another. The District Court rejected the tort in se claim because it arose from the same facts for which a statutory recovery was already provided under the Rosenthal Act and the FCBA. *Castellanos*, 2009 U.S. Dist. LEXIS 53067 at 29-31.

Here, Plaintiff seeks to circumvent that limits on recovery under the FDCPA by re-casting his FDCPA claim as negligence, negligent training/supervision and negligence per se. Because Plaintiff's proposed amendment to add claims for negligence, negligent training/supervision and negligence per se have no basis in law and are thus futile, Plaintiff's Amended Motion to Amend must be denied.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Amended Motion to Amend Complaint.

    Respectfully submitted,

    MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN

    BY: *s/ Danielle M. Vugrinovich*
    DANIELLE M. VUGRINOVICH, ESQUIRE
    PA ID #88326
    **Counsel for Defendant,**
    **Phillips & Cohen Associates, Ltd.**
    US Steel Tower, Suite 2900
    600 Grant Street
    Pittsburgh, PA 15219
    412-803-1185
        412-803-1188
    dmvugrinovich@mdwcg.com

12/911988.v1