IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JIM DESMOND                                                                Case No. 09-34-GLL

          Plaintiff,
vs.

PHILLIPS & COHEN ASSOCIATES, L.T.D.

AMENDED COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the common law tort of Invasion of Privacy-Intrusion Upon Seclusion, Negligence, Negligence Per Se and Negligent Training and Supervision.

2. Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692k(d) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Plaintiff is a natural person who resides in Washington County, Western District of Pennsylvania.

4. Plaintiff's deceased wife incurred a debt within the FDCPA, namely a credit card issued by Chase.

5. Defendant holds itself out to the public as a collection agency.

6. Defendant is a debt collector within the FDCPA.

7. According to Defendant's phone records and account notes, eight (8) phone calls were placed to Plaintiff's house during a nine (9) day period from February 20, 2008 through February 29, 2008.

8. The Defendant sent to the Plaintiff's address a dunning letter dated February 21, 2008.  A copy of the letter is attached hereto as Exhibit 1.

9. The Plaintiff requested the Defendant to cease contact by letter dated February 26, 2008. A copy of the letter is attached hereto as Exhibit 2.

10. The Defendant received Exhibit 2 on February 29, 2008. A copy of the signed green card is attached hereto as Exhibit 3.

11. According to Defendant's phone records and account notes, Phillips & Cohen phoned Desmond six (6) more times between March 3, 2008 through May 19, 2008.

12. The Defendant sent to the Plaintiff's address a dunning letter dated May 13, 2008. A copy of the letter is attached hereto as Exhibit 4.

13. On May 27, 2008, the Plaintiff responded to the Defendant as follows:

> This is my third notice to you that I am not responsible for the debt of Jill C. Desmond. I have sent you a written notice on Feb 27 2008 and was told by phone that you would not bother me any more. This is my last notice.

See Exhibit 4.

14. The Defendant received Exhibit 4 on May 29, 2008. A copy of the signed green card is attached hereto as Exhibit 5.

15. The Defendant sent to the Plaintiff's address a dunning letter dated June 16, 2008. A copy of the letter is attached hereto as Exhibit 6.

16. The Defendant sent to the Plaintiff's address a dunning letter dated July 3, 2008. A copy of the letter is attached hereto as Exhibit 7.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff incorporates paragraphs 1 through 16.

18.     In its collection efforts, Defendant violated the FDCPA, *inter alia* §1692c(c).

19.     As a result of Defendant's illegal collection activities, Plaintiff suffered actual damages in the form of emotional distress, anger, frustration, upset, as well as unjustified and abusive invasions of personal privacy.

20.     Plaintiff is entitled to recover statutory damages in the amount of $1,000, actual damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21.     Plaintiff incorporates paragraphs 1 through 20.

22.     Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private affairs and concerns.

23.     Defendant intruded into Plaintiff's solitude, seclusion, private affairs and concerns by repeatedly communicating with Plaintiff for a debt he didn't owe after being told to stop.

24.     Defendant's intrusion – attempting to coerce payment from a vulnerable grieving widower after being told to stop- would be highly offensive to a reasonable person.

25.     Plaintiff was harmed by Defendant's conduct including harm to his interest in privacy and emotional distress as a result of the invasion of his privacy.

26.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

27.     Defendant's conduct as detailed above is malicious, wanton, willful or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

## COUNT III
## NEGLIGENCE PER SE

28. Plaintiff incorporates paragraphs 1 through 27.

29. Defendants violated a statute or ordinance, namely the Pennsylvania Fair Credit Extension Uniformity Act and the Fair Debt Collection Practices Act.

30. Defendant's violation proximately caused injury to Plaintiff.

31. Plaintiff's injury resulted from an occurrence of the nature which the statute or ordinance was designed to prevent.

32. Plaintiffs are of the class of persons for whose protection the statute or ordinance was adopted.

33. Defendant's conduct as detailed above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages

## COUNT IV
## NEGLIGENCE

34. Plaintiff incorporates paragraphs 1 through 33.

35. Defendant was negligent in its collection of the debt.

36. Plaintiff was harmed, and suffered injury as described above.

37. Defendant's negligence was a substantial factor in causing Plaintiff's harm.

38. The Defendant had a duty to discontinue all collection activity against the Plaintiff when it was notified that the Plaintiff desired not to be contacted. After being notified by Plaintiff that he did not want to be contacted, the Defendant stepped up its efforts to collect the debt from Plaintiff.

39.     Defendant was negligent for one of the following errors or omissions: failure to use reasonable care in administering accounts and debt collection activities; contacting Plaintiff after it knew, or should have known that Plaintiff did not want to be contacted.

40.     Defendant's conduct as described above is malicious, wanton, willful, or oppressive, or shows a reckless indifference to the interests of others, thereby warranting punitive damages.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A.      Statutory damages pursuant to 15 U.S.C. §1692k

B.      Actual damages

C.      Costs, expenses incurred in the investigation, filing and prosecution of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k

D.      Compensatory and punitive damages.


Respectfully Submitted,

JEFFREY L. SUHER, P.C.


/s/Jeffrey L. Suher,
Jeffrey L. Suher, Esquire
Pa. I.D. #74924
4328 Old Wm Penn Hwy, Ste 2J
Monroeville, PA 15146
412-374-9005
412-374-0799 (fax)
lawfirm@jeffcanhelp.com

JURY TRIAL DEMANDED